BRACEWELL

**Texas**  
**New York**  
**Washington, DC**  
**Connecticut**  
**Seattle**  
**Dubai**  
**London**

Warren W. Harris  
Partner

+1.713.221.1490 Office  
+1.713.221.2199 Fax

Warren.Harris@bracewelllaw.com

Bracewell LLP  
711 Louisiana Street  
Suite 2300  
Houston, Texas  
77002-2770

October 27, 2016

Mr. Lyle W. Cayce                                                                          *Via CM/ECF*  
Clerk of Court  
U.S. Court of Appeals, Fifth Circuit  
600 S. Maestri Place  
New Orleans, Louisiana  70130

> RE:   No. 15-20641; *Mark McManaway, et al. v. KBR, Incorporated, et al.*; In the United States Court of Appeals for the Fifth Circuit

Dear Mr. Cayce:

Defendants-Appellees submit this Rule 28(j) letter response regarding *Al Shimari v. CACI Premier Technology, Inc.*, No. 15-1831, 2016 WL 6135246 (4th Cir. Oct. 21, 2016). *Al Shimari* has no relevance to the justiciability of this negligence case—and says so explicitly.

The *Al Shimari* court analyzed whether claims against a military contractor for violating the Alien Tort Statute by committing criminal acts of torture presented nonjusticiable issues. The court explicitly distinguished that context from negligence cases that require questioning military decisions:

> *Unlike in negligence cases calling into question military standards of conduct*, the district court in the present case is called upon to interpret statutory terms and established international norms to resolve the issues presented by the ATS claims.

*Id.* at *9 (emphasis added).  The *Al Shimari* court was not faced with a negligence case like *McManaway* where the military's role in causation *does* raise nonjusticiable issues.

BRACEWELL

October 27, 2016
Mr. Lyle W. Cayce
Page 2

The remainder of the *Al Shimari* opinion reinforces that the decision has no bearing on the justiciability of *McManaway*. *Al Shimari* applied a disjunctive test: (1) whether the military directly controlled the contractor's challenged conduct; *or* (2) whether resolving the case would require the court to question sensitive military judgments. *Id.* at *4-5, 7. The existence of military control relates only to the first factor, which is not at issue here for the political question doctrine. Rather, *Al Shimari* made clear that the need to question sensitive military judgments, alone, would make the suit nonjusticiable under the second factor. *Id.* at *4. As for that factor, *Al Shimari* concluded that there is no need to question military decisions "when a military contractor acts contrary to settled international law or applicable criminal law." *Id.* at *7. No such allegations of criminal conduct violating international law exist here.

In short, nothing in *Al Shimari* suggests that this suit is justiciable despite KBR's causation defense to Plaintiffs' negligence claims, and despite KBR's entitlement under Texas law to designate and allocate fault to the military as a responsible third party.

Respectfully submitted,

/s/ *Warren W. Harris*
　　Warren W. Harris
　　Yvonne Y. Ho
　　BRACEWELL LLP
　　Attorneys for KBR and
　　Halliburton

　　Geoffrey L. Harrison
　　Chanler A. Langham
　　SUSMAN GODFREY LLP
　　Attorneys for KBR

BRACEWELL

October 27, 2016
Mr. Lyle W. Cayce
Page 3

## CERTIFICATE OF SERVICE

I certify that I served a copy of this letter in electronic form on the following counsel of record by filing it using the Court's CM/ECF system on the 27th day of October 2016:

Michael Patrick Doyle
DOYLE LLP
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas 77019

Gabriel A. Hawkins
COHEN & MALAD, LLP
One Indiana Square
Suite 1400
Indianapolis, Indiana 46204

David M. Gunn
Chad Flores
BECK REDDEN, LLP
One Houston Center
1221 McKinney, Suite 4500
Houston, Texas 77010

        /s/ *Warren W. Harris*
      Warren W. Harris

#5340435.3